CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 17 2008

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 7:08CR00024 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| ) | |
| ANTHONY JEROME JOHNSON ) | By: Samuel G. Wilson |
| ) | United States District Judge |

The United States has charged the defendant, Anthony Jerome Johnson, in a superseding indictment with possession of a measurable quantity of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), possession of more than five grams of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and conspiracy to distribute more than fifty grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Johnson moves to suppress his statements to police after his initial indictment alleging that they were involuntary, to dismiss the initial and superseding indictments alleging that they are products of a vindictive prosecution, and to sever the possession and conspiracy charges alleging that joinder is prejudicial. The court conducted a hearing on these motions in which Special Agent William Cunningham of the Bureau of Alcohol, Tobacco, Firearms, and Explosives testified.[1] The court finds that these motions lack merit, and denies them. The recitation of facts in this memorandum opinion are the court's findings of fact.

---

[1] Though Johnson also testified at this hearing, he merely repeated the arguments made by his counsel and did not contribute to the disposition of these motions.

# I.

In September 2006, Pulaski County officials arrested Johnson and charged him with three counts of drug distribution and one count of conspiracy to distribute cocaine for conduct allegedly occurring in October 2005. While Johnson was on bond for these charges in February and April 2007, an informant working for both the Bureau of Alcohol, Tobacco, Firearms, and Explosives and the Claytor Lake Task Force made two controlled buys from Johnson. On May 10, 2007, Johnson and the Pulaski County Commonwealth Attorney's Office reached a plea agreement regarding the September 2006 charges. Pursuant to the agreement, Johnson pled "no contest" to some of the charges, and the Pulaski County Commonwealth Attorney dropped the remaining charges and agreed not to pursue any other drug charges against Johnson for conduct occurring in Pulaski County from October 2005 to the date of the agreement.

Though Pulaski County Commonwealth Attorney Mike Fleenor and Special Agent Cunningham discussed the possibility of bringing federal charges against Johnson for his October 2005 conduct, the United States Attorney's Office for the Western District of Virginia did not seek to indict him at that time. The Circuit Court of Pulaski County sentenced Johnson to fifteen years incarceration, suspending the entire sentence except two years and five months, and the court gave Johnson two weeks to self-report to the New River Valley Regional Jail. After Johnson failed to self-report, authorities apprehended him in North Carolina, and he began serving his sentence in June 2007.

On July 13, 2007, some of the same Pulaski County officials charged Johnson with attempted murder and related offenses arising from the death of Felix Webb and his wife. However, following a preliminary hearing on October 29, 2007, the Pulaski County General

2

District Court dismissed these charges due to insufficient evidence. Fleenor and Special Agent Cunningham again discussed the possibility of bringing federal charges against Johnson based on this conduct, but Cunningham did not pursue the matter.

On April 10, 2008, a Federal Grand Jury indicted Johnson for one count of possession of a measurable quantity of crack cocaine with intent to distribute and one count of possession of more than five grams of crack cocaine with intent to distribute. This prosecution was based on the two controlled buys from Johnson in February and April 2007 while he was on bond. Because Johnson has a prior conviction for a drug felony, the count alleging possession of more than five grams of crack cocaine with intent to distribute carries a ten year mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(B)(iii). According to Special Agent Cunningham, the United States Attorney's office did not bring these charges sooner because Johnson was already in custody for state charges and federal agents were pursuing matters related to the April 16, 2007 shooting incident at Virginia Polytechnic Institute and State University.

The same afternoon the Federal Grand Jury returned its initial indictment, Special Agent Cunningham and Chris Crawford, then a Virginia State Police Officer assigned to a joint task force, met with Johnson at the local jail where he was being held on the state conviction. They gave him Miranda warnings, and he agreed to speak with them. Special Agent Cunningham and Officer Crawford indicated to Johnson that Johnson's cooperation might help him obtain a lighter sentence if he was convicted or pled guilty, but they told him that they lacked authority to make a promise and, therefore, promised him nothing. During the meeting, Johnson scoffed at the small quantity of crack cocaine alleged in the indictment, disclosing that he had actually trafficked drugs from North Carolina to Virginia on a much larger scale. Special Agent

3

Case 7:08-cr-00024-SGW-mfu   Document 51   Filed 09/17/08   Page 3 of 10   Pageid#: 99

Cunningham described this meeting as professional and low-key and noted that Johnson, at times, had controlled and directed the conversation and even bragged about the extent of his activities.

Assistant United States Attorney Donald Wolthuis notified Johnson's counsel that if Johnson chose to contest the charges rather than pleading guilty he would seek a superseding indictment alleging a conspiracy involving fifty grams or more of crack cocaine based on the information learned in the April 10, 2008 interview. Through counsel, Johnson indicated that he would not plead guilty and would demand a jury trial. Wolthuis sought and, on August 14, 2008, the Grand Jury returned a superseding indictment which re-alleged the two original counts and added a count of conspiracy to distribute more than fifty grams of crack cocaine from October 2005 to June 29, 2007. The United States claims that the two controlled buys charged in the initial federal indictment are overt acts in furtherance of the conspiracy. Because of his prior drug felony conviction, the fifty gram quantity involved in the conspiracy alleged in the superseding indictment raises Johnson's mandatory minimum sentence to twenty years, see 21 U.S.C. § 841(b)(1)(A)(iii), from the ten year mandatory minimum Johnson faced in the initial indictment.

## II.

Johnson moves to suppress his statements from the April 10, 2008 interview, claiming they were involuntary. The court finds that Johnson made these statements voluntarily and denies his Motion to Suppress.

A defendant's statements to government officials may be inadmissible at trial if given without a voluntary waiver of the defendant's rights under Miranda v. Arizona, 384 U.S. 436

4

(1966), or if made involuntarily under a Due Process analysis, Spano v. New York, 360 U.S. 315, 324 (1959).[2] The Fourth Circuit generally "engage[s] in the same inquiry when analyzing the voluntariness of a Miranda waiver as when analyzing the voluntariness of statements under the Due Process Clause." United States v. Cristobal, 293 F.3d 134, 140 (4th Cir. 2002).[3] Under this inquiry, a statement or a waiver is involuntary if obtained when the defendant's "will has been overborne and his capacity for self determination critically impaired." Culombe v. Connecticut, 367 U.S. 568, 602 (1961). To make this determination, the court must examine the "totality of the circumstances;" no single factor is dispositive. Colorado v. Spring, 479 U.S. 564, 578 (1987).[4] However, "cases in which a defendant can make a colorable argument that a self-

---

[2] Statements obtained without a valid Miranda waiver are still admissible for impeachment purposes if "their trustworthiness . . . satisfies legal standards." Harris v. New York, 401 U.S. 222, 224 (1977). However, statements obtained in violation of the Due Process Clause are inadmissible for any purpose. Mincey v. Arizona, 437 U.S. 385, 398-402 (1978). Therefore, a statement taken without a valid Miranda waiver may still be admissible for impeachment purposes if it is voluntary under the Due Process standard.

[3] The decisional process is not identical, however. Generally, "the absence of Miranda warnings is one 'factor' to be considered in assessing the voluntariness of a confession." United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir. 1987). Even in cases arising before Miranda, the Supreme Court found the fact "that a defendant was not advised of his right to remain silent or of his right respecting counsel at the outset of interrogation, as is now required by Miranda, [to be] a significant factor in considering the voluntariness of statements later made." Davis v. North Carolina, 384 U.S. 737, 740 (1966).

[4] In particular, early cases found that a promise of leniency is one factor that may render confessions involuntary in the Due Process analysis. Bram v. United States, 168 U.S. 532, 542-43 (1897). However, courts have largely repudiated this view. Arizona v. Fulminante, 499 U.S. 279, 285 (1991). As the Fourth Circuit has stated, "government agents may validly make some representations to a defendant or may discuss cooperation without rendering the resulting confession involuntary." United States v. Shears, 762 F.2d 397, 401 (4th Cir. 1985). The Fourth Circuit distinguishes general encouragement to cooperate from specific promises of leniency, holding that general encouragement is usually permissible, while specific promises are not. See Pelton, 835 F.2d at 1073. Since Special Agent Cunningham and Officer Crawford made no promises during the April 10, 2008 interview, Johnson's statements are voluntary under this

5

incriminating statement was 'compelled' despite the fact that the law enforcement authorities adhered to the dictates of Miranda are rare." Berkemer v. McCarty, 468 U.S. 420, 433 n.20 (1984).

Under this standard, Johnson's Miranda waiver and subsequent statements during the April 10, 2008 interview were voluntary. Johnson is not a novice, and, despite understanding his rights to counsel and to remain silent, chose to speak and even control and direct the conversation. In short, nothing remotely suggests that Johnson's will was overborne and his capacity for self-determination critically impaired. Accordingly, the court denies Johnson's Motion to Suppress the statements he made to law enforcement officials on April 10, 2008.

### III.

Johnson moves to dismiss the superseding indictment, alleging that it is a vindictive prosecution initiated to punish him for asserting his rights to plead not guilty and to seek a jury trial for the offenses alleged in the initial federal indictment.

The Due Process Clause of the Fifth and Fourteenth Amendments prohibits vindictive prosecution. North Carolina v. Pearce, 395 U.S. 711, 725 (1969). A prosecution is vindictive if instituted to "punish[] [the defendant] for exercising a protected statutory or constitutional right." United States v. Goodwin, 457 U.S. 368, 372 (1982). To establish vindictive prosecution in the Fourth Circuit, a defendant must prove "that (1) the prosecutor acted with genuine animus toward the defendant and (2) the defendant would not have been prosecuted but for that animus." United States v. Wilson, 262 F.3d 305, 314 (4th Cir. 2001). To establish genuine animus, the defendant may prove actual vindictiveness through direct evidence or raise a presumption of vindictiveness

---

standard.

6

when the prosecutor's actions "pose a realistic likelihood of 'vindictiveness.'" Blackledge v. Perry, 417 U.S. 21, 27 (1974).

Due to "the broad discretion given prosecutors and the wide range of factors that may properly be considered in making pretrial prosecutorial decisions," vindictive prosecution claims based on the prosecution's pretrial conduct are difficult to establish. Wilson, 262 F.3d at 315. Therefore, courts generally do not presume vindictiveness when a prosecutor decides to seek a superseding indictment before trial begins, as legitimate motives often underpin that decision. Goodwin, 457 U.S. at 381. During trial preparation, for example, "the prosecutor may uncover additional information that suggests a basis for further prosecution or he simply may come to realize that information possessed by the State has a broader significance." Id. The prosecutor may appropriately "file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded," id. at 380, and may threaten more serious charges when seeking a guilty plea to a lesser offense, even in the absence of a pre-existing plea agreement, id. at 382 n.15. As the Fourth Circuit has stated, "[a] prosecutor's threats to seek a harsher indictment are constitutionally legitimate even though the prosecutor's goal in making those threats is to convince the defendant to waive his right to plead not guilty." United States v. Williams, 47 F.3d 658, 661 (4th Cir. 1995).

With these precepts in mind, the additional charges in the superseding indictment are not vindictive. Rather than being motivated by animus that would indicate actual vindictiveness, the additional charges in the superseding indictment arose from additional and previously unknown evidence provided by Johnson during the April 10, 2008 interview. When Johnson failed to plead guilty to the lesser charges in the initial indictment, the prosecutor permissibly brought

7

additional charges based on this new information. Accordingly, the court denies Johnson's Motion to Dismiss as to the superseding indictment.

IV.

Johnson also moves to dismiss all charges on two interrelated grounds. First, he claims the Pulaski County Commonwealth Attorney's Office induced him to enter a plea agreement by making false assurances that he would not face further charges based on his conduct from October 2005 to May 10, 2007. Second, Johnson claims that federal authorities charged him because they were disappointed with the outcome of his drug and attempted murder charges in Pulaski County. Even if the claims are true, however, they have no bearing on these proceedings because, simply put, the Commonwealth has no authority to speak for the United States, and United States is completely free to pursue charges against Johnson for any reason other than a discriminatory one.[5] Accordingly, the court denies Johnson's Motion to Dismiss the charges against him.[6]

---

[5]Although the United States is pursuing charges for different conduct, under the dual sovereignty doctrine, a defendant may be subject to prosecution in both federal and state courts for the same conduct. Heath v. Alabama, 474 U.S. 82, 88-89 (1985). Though internal prosecutorial guidelines seek to limit dual prosecutions, these "internal prosecutorial protocols do not vest defendants with any personal rights." United States v. Jackson, 327 F.3d 273, 294-95 (4th Cir. 2003).

[6]Johnson has also intimated that these charges should be considered "vindictive" because some of the individuals involved in the state prosecution had some involvement in a federal prosecution. Though "the involvement of separate sovereigns tends to negate a vindictive prosecution claim," United States v. Robinson, 644 F.2d 1270, 1273 (9th Cir. 1981), some courts have recognized a narrow exception for "sham prosecutions" in which prosecutors of one sovereign "serve[] merely as a 'cover and tool'" for those of another sovereign, United States v. Paiz, 905 F.2d 1014, 1023-24 (7th Cir. 1990) (quoting Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959)). A judge of this court has dismissed an indictment on these grounds, finding that the level of collusion between federal and state agents made their authority nearly co-extensive. United States v. Belcher, 762 F. Supp. 666, 668 (W.D. Va. 1991). In that case, the same person

8

## V.

Johnson moves to sever his trial for the two drug possession offenses from the conspiracy offense, alleging that joinder is prejudicial. The court finds joinder of these offenses in one trial will not prejudice Johnson, and denies this motion.

Federal Rule of Criminal Procedure 8(a) permits joinder of offenses in a single indictment "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." As the Fourth Circuit has held, "Rule 8(a) permits very broad joinder because of the efficiency in trying the defendant on related counts in the same trial." United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995). Therefore, the Fourth Circuit has held that offenses are related for joinder purposes if they bear a "logical relationship" to each other. United States v. Hirschfeld, 964 F.2d 318, 323 (4th Cir. 1992).

However, as Federal Rule of Criminal Procedure 14(a) provides, "[i]f the joinder of offenses . . . in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts . . . or provide any other relief that justice requires." The Fourth Circuit places a heavy burden on the party seeking severance, requiring a "strong showing of prejudice." United States v. Goldman, 750 F.2d 1221,

---

was acting as both Special Assistant U.S. Attorney for the Western District of Virginia and Commonwealth's Attorney for Wise County, Virginia. Id. "The Belcher facts have been recognized as unique," United States v. Ealy, No. 1:00CR0104, 2001 U.S. Dist. LEXIS 10883, at *4 (W.D. Va. July 30, 2001), and some courts have questioned the existence of the "sham prosecution" exception, United States v. Trammell, 133 F.3d 1342, 1350 (10th Cir. 1998). Therefore, even if a sham prosecution exception exists, Johnson has marshaled insufficient evidence to bring his case within it because he has failed to show that the authority of federal and state agents was co-extensive.

9

1225 (4th Cir. 1984). Severance is required "only if there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

Since the government claims that the two distribution counts are overt acts in furtherance of the conspiracy, the court finds that all three charges bear a logical relationship to each other and may be properly joined under Rule 8(a). Because Johnson has failed to show that joinder would compromise a specific trial right or deprive the jury of the ability to make a reliable decision, he has made no showing of prejudice, let alone a strong showing. Accordingly, the court denies Johnson's Motion for Severance.

## VI.

For the foregoing reasons, Johnson's motions to suppress, to dismiss, and to sever are **DENIED**.

It is so **ORDERED.**

**ENTER:** This 17th day of September 2008.

_____
UNITED STATES DISTRICT JUDGE

10

Case 7:08-cr-00024-SGW-mfu   Document 51   Filed 09/17/08   Page 10 of 10   Pageid#: 106