CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 28 2010

JOHN F. CORCORAN, CLERK
BY: /s/ S. Muto
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 7:08cr00024-1 |
| | ) | |
| v. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |
| ANTHONY J. JOHNSON. | ) | |
| | ) | **2255 MEMORANDUM OPINION** |

Petitioner Anthony J. Johnson, a federal inmate proceeding pro se, filed a pleading he styled a "Notice of Appeal to the Courts by Defendant." By Order entered December 30, 2009, the court notified Johnson of the court's intention to construe and address his petition as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, unless he expressly objected to the court's intended construction within ten (10) days. See Castro v. United States, 540 U.S. 375 (2003) (requiring court to give petitioner opportunity to elect whether criminal motion be addressed as § 2255 motion). The court also notified Johnson that his petition appeared to be untimely filed and gave him the opportunity to present any other information regarding the timeliness of his motion. Johnson did not object to the court's construction and did not respond on the issue of timeliness. The court finds that Johnson's motion is barred by the one-year state of limitations for filing a § 2255 motion, and therefore, dismisses his motion as untimely filed.

I.

A grand jury in the Western District of Virginia charged, in a superceding indictment, Johnson with conspiring to distribute and possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) ("Count One"); possessing with intent to distribute a measurable quantity of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) ("Count Two"); and possessing with intent to distribute more than five grams of cocaine

base, in violation of 21 U.S.C. §§ 841(a)(1)( and (b)(1)(B) ("Count Three"). Pursuant to a written plea agreement, Johnson pled guilty to Count Three of the superceding indictment. As part of the plea agreement, the United States agreed to move to dismiss the remaining two counts of the superceding indictment. Also, as part of the plea agreement, Johnson agreed to waive his right to collaterally attack any order issued in his criminal case. On November 18, 2008, the court entered final judgment and sentenced Johnson to 162 months and 19 days incarceration, to run concurrently with a state term. Johnson did not appeal; however, he mailed his § 2255 motion to the court on December 20, 2009.

## II.

A motion under 28 U.S.C. § 2255 must be brought within one year from the latest of the following: (1) the date on which the sentence under attack became final, (2) the removal of some governmental impediment to filing the motion, (3) the date on which the legal predicate for the motion was initially recognized by the United States Supreme Court or (4) the date on which the factual predicate for the motion could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2255). For purposes of the one-year limitations period, the defendant's conviction becomes final when the last appeal is taken, or the time to file such an appeal expires. See Clay v. United States, 537 U.S. 522, 528 (2003). Thus, Johnson's conviction became final on December 2, 2008, when his time to file an appeal expired. Therefore, Johnson had until December 2, 2009 to file a timely § 2255 petition. However, Johnson did not file his federal habeas petition until December 20, 2009, approximately 18 days after his time to file a timely § 2255 passed.

Accordingly, Johnson's petition is time-barred unless he demonstrates grounds for equitable tolling.[1]

In his initial pleading, Johnson stated that he had been in transit since November 1, 2009 and had no access to his legal material during that time. However, routine prison transfers do not warrant equitable toling.[2] Further, Johnson does not explain why his legal materials were necessary to file his § 2255 motion.[3] Despite the court giving Johnson the opportunity to amend his motion and

---

[1] A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d. 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." Harris, 209 F.3d at 330 (citing Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998)).

[2] See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004) (holding so in the context of a petition filed pursuant to 28 U.S.C. § 2255); Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001); United States v. Fredette, 191 F. App'x 711, 713 (10th Cir. 2006) (finding that petitioner was not entitled to equitable tolling of his § 2255 petition, despite his transfer to as many as six different facilities, because even if petitioner was denied access to legal materials in violation of his constitutional right of access to the courts, he failed to show how the transfers affected his ability to file timely); Allen v. Johnson, 602 F. Supp. 2d 724 (E.D. Va. 2009). "Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances." Warren v. Kelly, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002); see also Lucero v. Suthers, 16 F. App'x 964, 965 (10th Cir. 2001) (noting that prison "transfers have become commonplace"); Johnson v. Hill, 224 F. App'x 641 (9th Cir. 2007) (finding that petitioner failed to demonstrate that his frequent transfers were an extraordinary circumstance because, despite his transfers, petitioner had sufficient access to legal materials); United States v. Gambini, No. Civ. A 99-225, 2002 U.S. Dist. LEXIS 14337, 2002 WL 1767418, at *2 (E.D. La. July 30, 2002) (explaining that "transfers . . . are hardly 'rare and exceptional' circumstances that warrant equitable tolling"); Lawson v. United States, No. AW-08-189, 2008 U.S. Dist. LEXIS 66673, 2008 WL 4067313, at *2 (D. Md. Aug. 26, 2008) (stating that "lock downs and periods during which a prisoner is separated from his legal papers, without more, do not amount to extraordinary circumstances"). And, this is so because prisoners, who are "familiar with the routine restrictions of prison life[,] must take such matters into account when calculating when to file a federal [habeas] petition." Atkins v. Harris, No. C 98-3188MJJ(PR), 1999 U.S. Dist. LEXIS 164, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999); see also Dodd, 365 F.3d at 1283 (holding that petitioner was not entitled to equitable tolling where he had not argued nor even suggested that his transfer from one facility to another was anything but routine practice).

[3] Where a petitioner claims that the transfer interfered with law library access, or access to his personal legal papers while in transit, courts consistently hold that such results of prison transfers are not extraordinary for the purposes of equitable tolling. See Lucero, 16 F. App'x at 965 (rejecting a petitioner's request for equitable tolling for his § 2254 petition where the petitioner "merely alleged that his transfer to another state's prison prohibited him from access to the relevant statutes and case law"); Gambini, 2002 U.S. Dist. LEXIS 14337, 2002 WL 1767418, at *3 (refusing equitable tolling despite petitioner's allegations that his legal work was lost following a transfer, because petitioner failed to explain why this prevented him from timely filing); Allen v. Lewis, 255 F.3d 798, 800-01 (9th Cir. 2001) (determining that where petitioner failed to produce evidence that the loss of access to his habeas materials made it impossible for him to file his habeas petition on time, equitable tolling was not appropriate); United States v. Cicero, 214 F.3d 199, 205 (D.C. Cir. 2000) (deciding that, in the context of a § 2255 petition, equitable tolling was not warranted where petitioner entrusted his legal papers to another inmate who was placed in segregation, thus separating petitioner from his own legal documents).

present any additional evidence or argument concerning the timeliness of his motion, Johnson made no additional argument regarding the timeliness of his motion. Accordingly, the court finds that Johnson has not demonstrated that he acted with reasonable diligence in investigating and bringing his claims and, thus, has not demonstrated grounds for equitable tolling. Therefore, the court finds his § 2255 motion untimely.

### III.

For the reasons stated, the court dismisses Johnson's § 2255 motion as untimely filed.

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to petitioner.

**ENTER:** This 26th day of January, 2010.

_____
United States District Judge