CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 2 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No. 7:08-CR-0024 |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY JEROME JOHNSON, | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

## MEMORANDUM OPINION

Petitioner Anthony Jerome Johnson filed an emergency motion to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-015, and asks that his sentence be reduced to 111 months.[1] ECF No. 77. The government does not contest that Johnson is eligible for consideration of a reduction in his sentence pursuant to the First Step Act, but argues that relief should be limited to reducing his term of supervised release from 8 years to 6 years. In the alternative, the government asserts that if the court finds that Johnson is entitled to an adjustment of his sentence, it should be reduced to 111 months, but not less than time served. ECF No. 79. For the reasons set forth below, the court will **GRANT** Johnson's request and modify his sentence to 111 months, but not less than time served, to be followed by a six-year term of supervised release.

---

[1] Johnson originally sought a reduction of his sentence to 84 months, based on an addendum to the PSR filed in his case on February 8, 2019. ECF No. 76. A second addendum to the PSR was filed on March 1, 2019 and suggested that Johnson's sentence under the First Step Act should be 117 months. ECF No. 80. In his reply to the government's response, Johnson agreed with the government's calculation that 111 months represents the correct proportional reduction in his sentence under the First Step Act. ECF No. 81.

I.

Johnson was charged in a second superseding indictment on September 11, 2008 with one count of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 1), one count of possessing a measurable quantity of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count 2), and one count of possessing 5 grams or more of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 3). ECF No. 48. In addition, the government filed an Information to establish Johnson's prior convictions pursuant to 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), and 851, subjecting him to an increased penalty range of 20 years to life for Count 1, with a potential supervised release term of 10 years, and 10 years to life for Count 3, with a supervised release term of 8 years. ECF No. 37. With a base offense level of 32, a total offense level 35, and a criminal history category of VI, Johnson's original guideline range was 292 to 365 months. ECF No. 80.

On September 19, 2008, pursuant to a written plea agreement under the terms of Rule11(c)(1)(C), Johnson pleaded guilty to Count 3 of the indictment. ECF No. 55. The parties agreed that he would be sentenced to 180 months, reduced by 18 months to reflect the time he served for a related state conviction in Pulaski County. As part of the agreement, Johnson received only two points credit for acceptance of responsibility. ECF No. 55 at 3. On November 17, 2018 the court sentenced him to 162 months and 19 days to run concurrently with the undischarged term of state imprisonment imposed by the Pulaski County Circuit Court. The term was to be followed by an 8-year term of supervised release. ECF No. 59.

Johnson has served approximately 122 months and his current projected release date is January 3, 2021. ECF No. 80.

At the time Johnson was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. § 841(b)(1)(A) and (B) (2006). In 2010, the Fair Sentencing Act was enacted, and Section 2 of the act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base.

The First Step Act was enacted on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010, if such a reduction was not previously granted. Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).

3

## II.

The parties agree that the First Step Act applies to Johnson. Because he was charged in Count 3 with an offense involving five grams or more of cocaine base, and not at least 28 grams, the new statutory maximum for his offense, taking into consideration the § 851 Information, is 30 years. Coupled with his criminal history category of VI, his guidelines range would be 210 to 262 months. ECF No. 80 at 3. Johnson's original sentence of 180 months was 61.6% lower than the bottom of the original guideline range of 292 months. Applying the 61.6% reduction to the bottom of the new guideline range of 210 months results in a sentence of 129 months. Subtracting 18 months for the time Johnson served in Pulaski County would result in a modified sentence of 111 months.[2] Because he has served 122 months, Johnson would be eligible for immediate release.

Although the government concedes that Johnson is eligible for the reduction, it urges the court to decline to exercise its discretion to modify his sentence. Absent the 11(c)(1)(C) plea agreement, the low end of the sentencing guideline range would have been 292 months. Johnson and the government negotiated the 180-month sentence, which was 112 months below the bottom of the guideline range. Also, the government dismissed Count 1 of the

---

[2] In the first addendum to the PSR, Johnson's guideline range was calculated under the First Step Act as being 151 to 188 months, based on a new total offense level of 29. It was explained that Johnson's status as a career offender coupled with his 21 U.S.C. § 841(b)(1)(C) offense resulted in a statutory maximum of 20 years, which in turn resulted in the 151-to-188-month guideline. ECF No. 76 at 3. In the second addendum, his guideline range under the First Step Act was calculated as being 210 to 262 months, based on a new total offense level of 32. It was explained that his status as a career offender coupled with his § 841(b)(1)(C) offense resulted in a statutory maximum of 30 (rather than 20) years, which in turn resulted in the 210-to-262 months guideline range. ECF No. 80 at 3. Thus, it appears that the guideline range in the first addendum was based on a mistake. In addition, the second addendum calculated Johnson's new sentence as 117 months, but the parties agree that 111 months is the correct calculation.

4

indictment, which carried significantly higher penalties. In exchange, the government avoided a trial. The government contends that both parties received the benefit of their bargain and because nothing has changed to upset the bargain, the court should decline to reduce the sentence.

Johnson agrees that a 111-month sentence represents a proportional reduction in his sentence based on the guideline range of 210 to 262 months. However, he disagrees that the court should decline to amend his sentence because it was the product of a plea agreement.

The court concurs with Johnson. Many factors are at play when the government and a defendant enter into a binding plea agreement, including the statutory maximum and minimum sentences based on drug quantities, which are at issue in the case. The government's agreement to forego the possibility of a higher sentence was based in part on the applicable sentencing ranges in effect at that time. Those sentencing ranges have since been modified by Congress and made retroactively applicable by the First Step Act. The court sees no reason to refrain from applying the modification in Johnson's case and to do so would be inconsistent with previous decisions by this court in First Step Act cases.

### III.

The court will **GRANT** Johnson's emergency motion to reduce his sentence, ECF No. 77, and modify his sentence to a total period of 111 months, but not less than time served, to be followed by a six-year term of supervised release. The court finds the sentence is sufficient, but not greater than necessary, and accounts for the sentencing factors the court

must consider pursuant to 18 U.S.C. § 3553(a), specifically deterrence, protection of the public, and respect for the law.

An appropriate Order and amended judgment will be entered. The effective date of the order shall be stayed for ten days from the date of entry to allow the Bureau of Prisons sufficient time to process the defendant's release from imprisonment.

Entered: 03-12-2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge